UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-mj-3501-JG

UNITED STATES OF AMERICA

       Plaintiff,

vs.

EDISON ALEJANDRO MERO ESTUPINAN,
JUNIOR VINICIO TIGUA LEONES, AND
ITALO WILIAN TIGUA MERCHAN,

       Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ____ Yes  __X__ No

       Respectfully submitted,

       BENJAMIN G. GREENBERG
       ACTING UNITED STATES ATTORNEY

By: _____
       Quinshawna S. Landon
       Assistant United States Attorney
       Florida Bar No. 99835
       99 N.E. 4th Street
       Miami, Florida 33132-2111
       TEL (305) 961-9362
       Quinshawna.Landon@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>EDISON ALEJANDRO MERO ESTUPINAN,<br>JUNIOR VINICIO TIGUA LEONES, AND<br>ITALO WILIAN TIGUA MERCHAN,<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  17-mj 3501-JG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 14, 2017__ , in international waters, on board a vessel subject to the jurisdiction of the United States, with the Southern District of Florida being the district which the defendants first entered the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70503(a)(1); and | Possession with intent to distribute a controlled substance, while on board a vessel subject to the juridiction of the United States; and |
| Title 46, United States Code, Section 70506(b) | Conspiring to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See attached Affidavit.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

FBI Task Force Officer, Miguel Canario
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __10/31/2017__

_____
*Judge's signature*

City and state: __Miami, Florida__   Hon. ~~Johnathon~~ Goodman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Miguel Canario, being duly sworn, do state and attest as follows:

### INTRODUCTION AND AFFIANT BACKGROUND

1. I am a Task Force Officer with the FBI, South Florida Gangs and Criminal Organization, Safe Streets Task Force, and a City of Miami Police Detective. I have been a police officer for ten (10) years. As a Detective, I am responsible for investigating violations of State and Federal criminal laws, including those pertaining to firearms. My duties include the investigation of a variety of federal offenses, including firearms and violent crimes such as possession of firearms in furtherance of violent crimes and drug trafficking offenses, the possession of firearms by convicted felons, and other offenses.

2. I make this Affidavit in support of a criminal complaint charging Edison Alejandro Mero ESTUPINAN, Junior Vinicio Tigua LEONES, and Italo Wilian Tigua MERCHAN (collectively the "Defendants"), with knowingly possessing with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1), and knowingly and willfully conspiring to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation Title 46, United States Code, Section 70506(b).

3. The information contained in this Affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the case and information provided to me by law enforcement officers and/or witnesses. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the criminal complaint, it does not contain all

of the information known to me and/or other law enforcement officers involved in this investigation.

## PROBABLE CAUSE

4. On October 14, 2017, while on routine patrol in the International waters of the Eastern Pacific Ocean, a Joint Interagency Task Force South ("JIATF-S") Marine Patrol Aircraft ("MPA") detected a Go-Fast Vessel ("GFV"), approximately 161 nautical miles southwest of the Guatemalan/El Salvadorian border with three persons on board. At the same time, the United States Coast Guard Cutter ALERT ("ALERT") was patrolling the area, but diverted to intercept the GFV. The ALERT launched two small boats to assist in the interception. While the small boats were en route to the GFV, the MPA reported packages and fuel barrels on deck.

5. The ALERT requested a statement of no objection for a right of visit. The United States Coast Guard District Eleven personnel ("D11") approved the request. As the small boats approached the GFV, the GFV began to jettison the packages into the water. The first small boat began retrieving the packages as the second boat continued towards the GFV.

6. After firing warning shots, the second boat gained positive control of the GFV. A boarding team then boarded the GFV, and observed three individuals, later identified as Edison Alejandro Mero ESTUPINAN, Junior Vinicio Tigua LEONES, and Italo Wilian Tigua MERCHAN, who claimed to be Ecuadorian nationals, aboard the vessel. The boarding team also saw a yellow, blue, and red flag (which is consistent with the Ecuadorian flag) painted on the vessel, determined that the vessel's name was MILAGRITO, and established that Ecuador was the MILAGRITO's last port of call. The mater of vessel, however, made no claim of nationality.

7. The United States Coast Guard initiated contact with Ecuador to verify the nationality of the vessel, but Ecuador neither confirmed nor denied the vessel's registry.

Accordingly, D11 authorized the ALERT to treat the MILAGRITO as a vessel without nationality and conduct a full law enforcement boarding.

8. The first small boat recovered nine packages from the jettison field. Additionally, the boarding team discovered a tenth package, matching the description of the nine packages that were found in the water, on board the vessel. A sample of the substance in the packages tested positive for cocaine. The packages weighed approximately 575 kilograms.

9. The boarding team transferred the Defendants and the packages of cocaine to the ALERT. Because the MILAGRITO was deemed a hazard to navigation, the D11 authorized the ALERT to sink it. The defendants were then transported to Guantanamo Bay.

10. On or about October 30, 2017, the defendants arrived in the United States via law enforcement aircraft at Ft. Lauderdale, Florida.

[This Space Is Intentionally Left Blank]

## CONCLUSION

11. Based on my training and experience, and as further supported by the facts in this Affidavit, I respectfully submit that there is probable cause to believe that on or about October 14, 2017, the Defendants did knowingly possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1) and knowingly and willfully conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation Title 46, United States Code, Section 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Respectfully Submitted,

_____
Miguel Canario, Task Force Officer
Federal Bureau of Investigation

Sworn to me and subscribed before me
this \_\_31\_\_ day of October, 2017
at Miami, Florida.

_____
HONORABLE JOHNATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE